**Palmer Leon COHEN, Plaintiff,**

v.

**MASSACHUSETTS WATER RESOURCES AUTHORITY, American Federation of State, County, and Municipal Employees, Council 93, Local 1242, Douglas B. MacDonald, Kathleen R. Murray, and Vincent J. Lavino, Defendants.**

**No. 00–CV–11640–MEL.**

United States District Court, D. Massachusetts.

April 16, 2001.

Frank F. Russell, Malden, MA, for Palmer Leon Cohen.

John W. Bishop, Jr., Boston, MA, for Massachusetts Water Resources Authority, Douglas B. MacDonald and Kathleen R. Murray.

Angela M. Davidovich, Boston, MA, for American Federation of State, County, Municipal Employees, Council 93, Local 1242 and Vincent J. Lavino.

## MEMORANDUM AND ORDER

LASKER, District Judge.

Palmer Leon Cohen, a skilled laborer, was injured on the job at the Massachusetts Water Resource Authority ("MWRA"), and collected Worker's Compensation until he was offered another job at the MWRA as an Information Aide. Cohen asserts that as an Information Aide he is paid less than his union wage as a skilled laborer while other, white, workers are paid at their regular union wages.

After exhausting the process at the Massachusetts Commission Against Discrimination ("MCAD"), Cohen brought this suit against his employer, the MWRA; two employees of the MWRA; his union, the American Federation of State, County, and Municipal Employees, Council 93, Local 1242 ("AFSCME"); and one member of the union. Palmer alleges that the MWRA discriminated against him as an African–American by failing to pay him the same wages as white workers similarly situated in violation of Title VII of the Civil Rights Act of 1964 and M.G.L. ch. 151B. He alleges that his union discriminated against him by failing to bargain with the MWRA over his wages because he was black. The individual defendants are alleged to have aided and abetted this discrimination.

AFSCME moves to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(1) and (6). Cohen answers the motion to dismiss by moving to amend the complaint.

AFSCME's motion to dismiss is denied. Cohen's motion to amend is granted in part.

### I.   AFSCME's Motion to Dismiss

AFSCME contends that: (1) this court has no subject matter jurisdiction because Cohen did not exhaust his administrative remedies before the proper agency; and (2) Cohen fails to state a *prima facie* claim of discrimination.

#### A.   Subject Matter Jurisdiction: Fed.R.Civ.P. 12(b)(1)

AFSCME argues that this court has no subject matter jurisdiction over the complaint because Cohen has couched what is truly a duty of fair representation case as a discrimination case, circumnavigating the appropriate administrative agency, the Massachusetts Labor Relations Commission ("LRC"), *see* M.G.L. ch. 150E, and that accordingly the complaint should be dismissed. AFSCME adds that the Information Aide position Cohen accepted was not covered by the operative collective bargaining agreement and that therefore AFSCME had no duty to repre-

sent Cohen in his salary negotiations with the MWRA.

Cohen responds that although he had the right to make a claim against AFSCME before the LRC (to enforce M.G.L. ch. 150E), that right in no way bars his current complaint, which has been brought properly through the MCAD and is now before this court (to enforce M.G.L. 151B). Cohen contends that even if the Information Aide position was not covered by the collective bargaining agreement, AFSCME nonetheless represented him through the first two steps of the grievance procedures established by the collective bargaining agreement and that, acting *de facto* as his representative, it was obligated to do so in a non-discriminatory manner.

AFSCME's motion to dismiss is denied. Since Cohen exhausted his M.G.L. ch. 151B and Title VII of the Civil Rights Act of 1964 claims before the MCAD before filing his lawsuit, he is properly before this court.

Moreover, Cohen has adequately pleaded AFSCME's obligation to represent him and to do so on a non-discriminatory basis. The record developed on discovery may or may not support Cohen's claims, but that is an issue for a later motion for summary judgment rather than to dismiss pursuant to Fed.R.Civ.P. 12.

### B. Failure to State a Claim: Fed.R.Civ.P. 12(b)(6)

█ AFSCME argues that Cohen has failed to allege a *prima facie* case of race discrimination and therefore the complaint should be dismissed. It contends that Cohen has not described other individuals in similar situations who were paid more than Cohen and therefore does not meet the requirements for pleading a claim of discrimination under the burden-shifting framework outlined in cases such as

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

Cohen responds that he has alleged sufficient facts, that AFSCME is aware of specific people because of the proceedings before the MCAD, and that, if the complaint is insufficient, he should be allowed to amend the complaint.

AFSCME opposes Cohen's motion to amend the complaint in part, merely to clarify that Vincent Lavino has previously been dismissed as a defendant, even though the new complaint retains him as a defendant. AFSCME states that Cohen has indicated in writing that he does not mean to raise any new allegations against Lavino in the Amended Complaint.

The motion to amend is granted, subject to the dismissal of Lavino as a defendant in accordance with the ruling of September 13, 2000.

The amended complaint specifies two white employees working as Information Aides who were receiving union wages rather than a wage specific to the position. *See Am. Compl.* ¶¶ 23–26. These allegations cure the deficiency pointed out by AFSCME on its motion to dismiss because they properly allege the requirements of a claim of discrimination under Fed.R.Civ.P. 12(b)(6) and *McDonnell Douglas Corp.* The motion to dismiss is denied.

### III.

For the reasons stated above, AFSCME's motion to dismiss is denied. Cohen's motion to amend is granted in part.

It is so ordered.